UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RALPH SIDELL and
LYNN SIDELL,

    Plaintiffs,

                   14-CV-0558A(Sr)

 v.

SELECTIVE INSURANCE COMPANY
OF AMERICA,

    Defendant.

## DECISION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #5.

Currently before the Court is defendant's motion to compel. Dkt. #33. For the following reasons, the motion is denied.

## BACKGROUND

Ralph Sidell was injured during the course of his employment at a construction site at 2155 Eggert Road in Amherst, New York on August 30, 2007. Dkt. #33-1, ¶ 3. Selective Insurance Company of America's ("Selective"), insured Kainos Partners, LLC, pursuant to a commercial insurance policy in effect on August 30, 2007. Dkt. #33-1, ¶ 5.

On July 28, 2010, Mr. Sidell and his wife commenced suit in New York State Supreme Court, County of Erie, pursuant to New York State Labor Law, seeking damages for personal injury and loss of consortium against, *inter alia*, Kainos Partners, LLC and Kainos Eggert Road, LLC ("Kainos"). Dkt. #33-1, ¶ 4.

Selective's internal claims notes indicate that on August 25, 2010, Selective became aware of contact information for Pat Cosentino, who previously worked for Kainos. Dkt. #38. The claims notes indicate that a representative from Selective

> called and spoke with Pat. He confirmed that all of the Kainos entities have gone bankrupt and the partners have dispersed. He will attempt to reach out to some people to try and identify a better contact as he is not able to help me with regard to this property.

Dkt. #38.

By letter dated August 30, 2010, Selective denied coverage to Kainos because, *inter alia*, the location where Mr. Sidell was injured was not listed as a covered location on the policy and because Selective had not received timely notice of the incident. Dkt. #33-1, ¶ 6.

Plaintiffs obtained a default judgment against Kainos in New York State Supreme Court, County of Erie and commenced this declaratory judgment action against Selective, claiming that the disclaimer of coverage was improper. Dkt. #33-1, ¶¶ 9 & 10.

On October 27, 2016, one day before the deadline for completion of discovery set forth in this Court's Amended Case Management Order, Selective served plaintiffs with a Third Notice to Produce seeking copies of any and all statements of Kainos. Dkt. #33-4. By letter dated November 21, 2016, Selective reminded plaintiffs that their response to the Third Notice to Produce was outstanding. Dkt. #33-1, ¶ 20. On December 21, 2016, Selective sent another letter requesting a response to the Third Notice to Produce as well as any correspondence between plaintiff's counsel and any of the underlying defendants or their carriers which may have been sent prior to commencement of the underlying litigation. Dkt. #33-5.

By letter dated December 22, 2016, plaintiffs responded that the only communications between plaintiffs' counsel and a defendant or its insurer prior to commencement of the personal injury action were two disclaimer letters issued by Selective. Dkt. #33-6, p.3. Plaintiffs further responded that the Third Notice to Produce was untimely and objected to the disclosure of any statements of Kainos on the grounds that "any such statement[s] constitute attorney work product and/or materials prepared exclusively and solely in anticipation of litigation." Dkt. #33-6. Selective filed this motion to compel disclosure of any such statements, and an opportunity to depose the individual(s) providing such statements, on December 28, 2016. Dkt. #33.

On December 29, 2016, plaintiffs disclosed an affidavit from Patrick Cosentino dated October 11, 2016. Dkt. #37. Mr. Cosentino affirms that he was employed by Kainos as its Director of Operations in the Buffalo area on the date of Mr.

-3-

Sidell's injury but neither he "nor anyone else from Kainos to [his] knowledge was present on that site on August 30, 2007." Dkt. #37, ¶¶ 1-2. Mr. Cosentino further affirms that he did not learn of the incident until after the Summons and Complaint was filed in the personal injury action sometime during the second half of August, 2010 and that he "know[s] of no person affiliated with Kainos who had any knowledge of the alleged incident involving Mr. Sidell prior to the day that [he] learned of the alleged incident." Dkt. #37, ¶¶ 4-5.

Plaintiffs counsel affirms that this is the only item responsive to Selective's Third Notice to Produce. Dkt. #39, ¶ 5. As a result of this representation, Selective's motion to compel disclosure of any statements of Kainos is moot.

Selective argues that it "did not subpoena Mr. Consentino [sic] based upon his own representations that he was 'not able to help' relative to this matter . . .." Dkt. #36, ¶ 12. Asserting that "Mr. Consentino [sic] now claims to have more information than he relayed to Selective, Selective seeks the opportunity to subpoena him in order to obtain deposition testimony . . .." Dkt. #36, ¶ 13.

Plaintiffs oppose Selective's request to depose Mr. Cosentino. Dkt. #39. Specifically, plaintiffs' counsel affirms that "Mr. Cosentino's affidavit is in no way inconsistent with any contention that he was without any information regarding Plaintiff, Ralph Sidell's accident, or any information that had previously been obtained by defendant from Mr. Cosentino, as noted in its claims file." Dkt. #39, ¶ 8. In other words, plaintiffs argue that Mr. Cosentino's affidavit does not suggest "that any further

information regarding notice would be obtained if this court were to grant defendant's motion for an extension of the discovery deadline in order to depose Mr. Cosentino." Dkt. #39, ¶ 8.

Mr. Cosentino's affidavit does not provide good cause to extend the discovery deadline to permit his deposition. Selective was aware of Mr. Cosentino and spoke to him on August 25, 2010, yet determined not to ask him more specific questions or seek his deposition at any time prior to the close of discovery. Accordingly, this aspect of defendant's motion to compel is denied.

Based upon plaintiffs' representations in the December 22, 2016 letter that no communications were sent by plaintiffs' counsel or plaintiffs to the Kainos entities or their insurers prior to the filing of the summons and complaint in the underlying personal injury action, Selective also seeks to depose plaintiffs "relative to any efforts they took to provide notice to Selective in light of their counsel's representations that no such attempts were documented in writing." Dkt. #36, p.3. As Selective fails to establish good cause for failing to depose plaintiffs on this issue prior to the close of discovery, this request is also denied.

**SO ORDERED.**

DATED:  Buffalo, New York
        June 28, 2017

                                              _s/ H. Kenneth Schroeder, Jr._
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**